IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 09-826-GMS |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| KNOWLES ELECTRONICS LLC, ) | |
| ) | |
| Defendant. ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT KNOWLES ELECTRONICS LLC'S
MOTION TO STAY PENDING INVESTIGATION BY THE UNITED STATES
<u>INTERNATIONAL TRADE COMMISSION</u>**

OF COUNSEL:

Allan J. Sternstein
Timothy D. Sendek
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

David L. Patterson
William D. Cramer
DYKEMA GOSSETT PLLC
1717 Main Street
Suite 4000
Dallas, TX 75201

Dated: February 16, 2010
953164 / 35025

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Knowles Electronics LLC*

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ................................................................................1

SUMMARY OF ARGUMENT ......................................................................................................2

STATEMENT OF FACTS .............................................................................................................2

ARGUMENT ..................................................................................................................................3

I.    A BALANCE OF COMPETING INTERESTS IN THIS CASE FAVORS
A STAY OF THIS ACTION ...............................................................................................4

        A. Staying The Instant Action Will Not Unduly Prejudice Or Present
A Clear Tactical Disadvantage To Analog ..............................................................4

        B. Staying The Instant Action Will Greatly Simplify The Issues
Between The Parties And The Court ........................................................................5

        C. Discovery In This Case Has Not Yet Begun And There Is No Trial
Date Set For This Action ..........................................................................................6

II.    JUDICIAL ECONOMY FAVORS A STAY IN THIS ACTION .........................................7

CONCLUSION ...............................................................................................................................7

# TABLE OF AUTHORITIES

CASES

**Pages**

*Cherokee Nation of Okla. v. U.S.*
   124 F.3d 1413 (Fed. Cir. 1997)........................................................................................5

*Clintec Nutrition Co. v. Abbott Labs.,*
   No. 94C3152, 1995 WL 228988 (N.D. Ill. Apr. 14, 1995)............................................3, 4

*Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.,*
   No. 5:05cv156, 2005 WL 1126750 (N.D. Ohio, Apr. 29, 2005).......................................6

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.,*
   C.A. Nos. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 WL 2465898 (D. Del.
   May 18, 2005)...............................................................................................................4, 6

*Iljin USA v. NTN Corp.,*
   No. 06-10145, 2006 WL 568351 (E.D. Mich. Mar. 7, 2006).....................................3, 6, 7

*Landis v. N. Am. Water Works & Elec. Co., Inc.,*
   299 U.S. 248 (1936)....................................................................................................3, 4, 5

*Sandisk Corp. v. Phison Elecs. Corp.,*
   538 F. Supp. 2d 1060 (W.D. Wisc. 2008).................................................................4, 5, 7

*Wall Corp. v. BondDesk Group, L.L.C.,*
   C.A. No. 07-844-GMS, 2009 WL 528564 (D. Del. Feb. 24, 2009) .................................3

## NATURE AND STAGE OF PROCEEDINGS

This is a patent infringement action wherein Analog Devices Inc. ("Analog") asserts that Knowles Electronics LLC ("Knowles") has infringed the claims of U.S. Patent No. 7,364,942 (the "'942 Patent") and U.S. Patent No. 7,220,614 (the "'614 Patent") (collectively, the "Patents-in-Suit"). The Court has not yet ordered a scheduling conference; no case schedule, including a trial date, has been set; no discovery has been taken; and there has not been any substantive motion practice. The United States International Trade Commission ("ITC") has issued a "Notice of Investigation" regarding Knowles's alleged infringement of the Patents-in-Suit.

A parallel action is currently pending in the Northern District of Illinois in which Knowles has accused Analog of infringing two of Knowles's patents. The ITC has also initiated an investigation regarding Analog's alleged infringement of those patents. To avoid duplicative litigation, the Illinois action has been stayed pending resolution of the parallel ITC investigation. The Illinois action is a mirror image of the instant action in the sense that Knowles sued Analog for patent infringement in the Illinois action, just as Analog sued Knowles for patent infringement in the instant action. Both Knowles and Analog were successful in requesting that the ITC initiate an investigation that parallels their respective district court actions. The only difference is that presently, the Illinois action has been stayed pending the resolution of the ITC investigation, while the instant action has not. Knowles has filed a motion together with this brief requesting that the Court stay this matter until the determination of the ITC becomes final.[1] This is Knowles's opening brief in support of that motion.

---

[1] Counsel for Analog originally agreed to a stay of the instant action, but, when presented with a stipulation to stay pending the final determination by the ITC, Analog refused to agree, raising for the first time the running of the 30-day automatic stay period.

## SUMMARY OF ARGUMENT

The Court should stay this case pending the outcome of the ITC investigation for the following reasons:

1. A stay will not unduly prejudice or disadvantage Analog because a delay in receiving possible damages does not outweigh the benefits of a stay.

2. A stay will simplify issues at trial, or eliminate them entirely for the parties and this Court, because the ITC will address the same issues of validity and infringement of the Patents-in-Suit that this Court will address in the instant case.

3. Discovery has not yet begun and a trial date has not yet been set in the instant case. The ITC trial will likely be underway before expert discovery begins here.

4. Because the Court and the parties would expend significant resources if forced to proceed with this case in parallel with the ITC investigation, judicial economy favors staying this action.

## STATEMENT OF FACTS

Analog filed the Complaint in this case on November 3, 2009. The Complaint alleged infringement of U.S. Patent No. 6,147,528 (the "'528 Patent"), the '942 Patent, the '614 Patent, and U.S. Patent No. 6,674,140 (the "'140 Patent"). Knowles filed an Answer and Counterclaims on November 24, 2009. Analog filed an Answer to the Counterclaims of Knowles on December 17, 2009. By Stipulation and Order, the Court dismissed the Claims of Analog and the Counterclaims of Knowles relating to the '528 Patent and the '140 Patent on January 13, 2010. Only the Claims and Counterclaims relating to the Patents-In-Suit remain.

On December 1, 2009, Analog filed a Complaint with the ITC against Knowles asserting infringement of the Patents-In-Suit. Analog also filed a Supplement to the Complaint on

2

December 9, 2009 and an Amendment to the Complaint on December 22, 2009. On December 31, 2009, the ITC issued a "Notice of Investigation," which formally named Knowles as a Respondent and opened an investigation captioned *In the Matter of Certain MEMS Devices and Products Containing Same*, Investigation No. 337-TA-700. (*See* Exhibit A.)

In a parallel action pending in the Northern District of Illinois, Knowles has accused Analog of infringing U.S. Patent No. 6,781,231 (the "'231 Patent") and U.S. Patent No. 7,242,089 (the "'089 Patent"). The '231 Patent and the '089 Patent are the subject of another investigation by the ITC, captioned *In the Matter of Certain Silicon Microphone Packages and Products Containing Same*, Investigation No. 337-2694. To avoid duplicative litigation, the Illinois action has been stayed pending resolution of the pending ITC investigation.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Water Works & Elec. Co., Inc.*, 299 U.S. 248, 254 (1936). Whether to grant a stay is "firmly within the discretion of the court." *Wall Corp. v. BondDesk Group, L.L.C.*, C.A. No. 07-844-GMS, 2009 WL 528564, at *1 (D. Del. Feb. 24, 2009). As with any discretionary power, the court must weigh the competing interests and consider issues of judicial economy. *See Iljin USA v. NTN Corp.*, No. 06-10145, 2006 WL 568351, at *2 (E.D. Mich. Mar. 7, 2006); *Clintec Nutrition Co. v. Abbott Labs.*, No. 94C3152, 1995 WL 228988, at *1 (N.D. Ill. Apr. 14, 1995). When weighing these interests, the court should consider the following factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; (3) whether discovery is complete; and (4) whether a trial date has

been set. *See Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, C.A. Nos. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 WL 2465898, at *2 (D. Del. May 18, 2005).

## I. A BALANCE OF COMPETING INTERESTS IN THIS CASE FAVORS A STAY OF THIS ACTION

### A. Staying The Instant Action Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To Analog

The first factor a court should consider in exercising its discretion to grant a stay is any prejudice to the non-moving party, particularly whether a stay would present a clear tactical disadvantage to the non-moving party. *See Honeywell Int'l*, 2005 WL 2465898, at *2. As one court has noted, "[i]n deciding a motion to stay, the Court must weigh the competing interests: *i.e.*, the possible damage of granting a stay versus the hardship or inequity of forcing a case onward . . . ." *Clintec Nutrition*, 1995 WL 228988, at *1. Where the only harm the non-moving party will suffer is a delay in obtaining damages, the non-moving party cannot rely on speculation that the moving party will become insolvent, because a wait for damages will always result from the imposition of a stay. *See Sandisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1067 (W.D. Wisc. 2008).

The Supreme Court stated in *Landis v. North American Water Works & Electric Co.* that the proponent of a stay must demonstrate hardship if there is a possibility that a stay would harm someone else. 299 U.S. at 255. The Court directed this "hardship requirement," however, only to stays that would harm those who are not parties to a parallel proceeding. *See Sandisk*, 538 F. Supp. 2d at 1066. The *Landis* court stated, "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." 299 U.S. at 255. "[W]hen a parallel proceeding serves as the basis for a stay and the only potential 'damage worked' is to parties to both proceedings, there is no need

4

for a party requesting a stay to make a special showing of hardship under *Landis*." *Sandisk*, 538 F. Supp. 2d at 1066. In *Sandisk Corp. v. Phison Electronics Corp.*, a stay would affect no one except the parties because the plaintiff filed both complaints and all defendants to the district court action were also respondents before the ITC. *See id.*

A court must also consider the duration of the requested stay, as a stay of indefinite duration may be an abuse of discretion. *See Cherokee Nation of Okla. v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). If a party requests such a stay, it must identify a pressing need for the stay. *See id.* Where a party requests a stay of limited duration, however, it need not demonstrate a pressing need. *See Sandisk*, 538 F. Supp. 2d at 1066. The defendants in *Sandisk* requested a stay until the completion of the ITC's investigation. *See id.* The court held that a stay until the investigation's resolution was not indefinite, and that the court therefore "need not identify a 'pressing need.'" *Id.*

There is no prejudice to Analog resulting from the proposed stay other than the extent to which it must wait for a trial on its remedies. As the court noted in *Sandisk*, this results every time a court imposes a stay. This is not a sufficient disadvantage to outweigh the benefits of a stay. In addition, as in *Sandisk*, a stay would affect only the parties because Analog filed both complaints, and Knowles is both defendant to the instant action and respondent in the ITC action. Finally, just as the defendants in *Sandisk*, Knowles requests a stay only until the completion of the ITC investigation. Such duration is not indefinite, and therefore the Court need not identify a pressing need.

**B. Staying The Instant Action Will Greatly Simplify The Issues Between The Parties And The Court**

In exercising their discretionary power to grant a stay of proceedings, courts have recognized that an ITC proceeding can significantly narrow and define the issues in a parallel

district court action. *See Iljin*, 2006 WL 568351, at *2; *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05cv156, 2005 WL 1126750, at *3 (N.D. Ohio, Apr. 29, 2005). Following an ITC investigation, parties will likely have fewer issues for the court to resolve. *See Flexsys Americas*, 2005 WL 1126750, at *3. As an added benefit, allowing the ITC investigation to conclude before the district court action proceeds avoids potentially conflicting decisions. *See id.* District courts have "discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results." *See id.* at *2.

Here, because the ITC investigation and the instant action involve the same Patents-in-Suit, the issues before the ITC will be identical to those presented in this case. The ITC will address substantive issues regarding claim construction, validity of the Patents-in-Suit, and Knowles's alleged infringement of those patents – all issues presented in this case. To litigate the same issues of infringement and validity simultaneously in both this Court and in front of the ITC would essentially double the effort for both parties and waste this Court's time and resources, particularly at a time when this Court is overburdened because of a longstanding vacancy.

### C. Discovery In This Case Has Not Yet Begun And There Is No Trial Date Set For This Action

This Court found in *Honeywell International Inc. v. Audiovox Communications Corp.* that a stay was appropriate when discovery had not yet begun and no trial date had been set. 2005 WL 2465898, at *4. The Court has not yet entered a scheduling order in this case, including a trial date, and discovery has not yet begun. Because the Court has not yet entered a scheduling order, the ITC likely will have addressed the substantive patent law issues presented in this case well before the corresponding dates in this case. The ITC will likely even have completed its trial before expert discovery concludes in this case.

## II. JUDICIAL ECONOMY FAVORS A STAY IN THIS ACTION

As discussed above, the parties will likely have fewer issues left for this Court to resolve following an ITC investigation. Narrowing the issues thereby substantially conserves judicial resources. *See Iljin USA*, 2006 WL 568351, at *2. The court in *Sandisk* noted that "[n]ot only would parallel proceedings be burdensome, but waiting for the commission to complete its investigation may help simplify [the district court] case." 538 F. Supp. 2d at 1067. Even though ITC investigations have no binding effect on the district court, "the record developed in the proceeding before the commission may be used to expedite proceedings and provide useful information to the court." *Id.*

Conserving judicial resources would be especially helpful to the Court at this time, as it is already overburdened. As discussed in *Sandisk*, the record that the ITC will develop may help to expedite these proceedings. Judicial economy therefore favors granting a stay in this case.

### CONCLUSION

For the foregoing reasons, it is in the best interest of judicial economy, justice, and all parties that the Court stay the present action in its entirety. Knowles respectfully requests that the Court stay this action until the ITC's determination becomes final in *In the Matter of Certain MEMS Devices and Products Containing Same*, Investigation No. 337-TA-700.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Allan J. Sternstein
Timothy D. Sendek
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

David L. Patterson
William D. Cramer
DYKEMA GOSSETT PLLC
1717 Main Street
Suite 4000
Dallas, TX 75201

Dated: February 16, 2010
953164 / 35025

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Knowles Electronics LLC*

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 16, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on February 16, 2010, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Melanie K. Sharp | Steven M. Bauer |
| Young, Conaway, Stargatt & Taylor | Benjamin M. Stern |
| The Brandywine Building | Proskauer Rose LLP |
| 1000 West Street, 17th Floor | One International Place |
| Wilmington, DE 19899-0391 | Boston, MA 02110 |
| (302) 571-6681 | sbauer@proskauer.com |
| msharp@ycst.com | bstern@proskauer.com |

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

943882 / 35025