IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 09-826(GMS) |
| KNOWLES ELECTRONICS LLC, | ) ) ) |
| Defendant. | ) ) |

## ORDER

At Wilmington, this 15th day of July, 2010, after having duly considered the defendant's Motion to Stay Pending Investigation by the United States International Trade Commission and all responses thereto;

IT IS HEREBY ORDERED that: the defendant's Motion to Stay Pending Investigation by the United States International Trade Commission (the "ITC") (D.I. 11) is GRANTED. The decision to stay a case is firmly within the discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). In determining whether a stay is appropriate, the court's discretion is guided by the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Wall Corp. v. BondDesk Group, L.L.C.*, C.A. No. 07-844-GMS, 2009 WL 528564, at *1 (D. Del. Feb. 24, 2009) (citing *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) and *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991)).

Weighing all of the considerations, the court concludes that the interests in staying the litigation pending the outcome of the ITC proceeding outweigh any interests in proceeding at this time.[1]

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] The court notes that a parallel action to the present case is pending in the Northern District of Illinois. In that action, Knowles Electronics, LLC ("Knowles") is the plaintiff and Analog Devices, Inc. ("Analog") is the defendant. Analog filed a motion to stay that action pending the outcome of the ITC investigation, which the court granted on December 23, 2009. Given the stay in the Illinois action, the court sees no reason to proceed with the present action, especially given the likelihood of duplicative litigation and the possibility of inconsistent rulings.